


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGARET A. SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:09-cv-2432-LSC |
| SUMTER COUNTY SHERIFF'S DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# MEMORANDUM OF OPINION AND ORDER

This case comes before the Court on a Report and Recommendation ("R&R") entered by the magistrate judge. (Doc. 17.) The underlying complaint (Doc. 1) names Sheriff Johnny Hatter and the Sumter County Sheriffs Department as defendants, as well as the Sumter County Commission and Sumter County itself. Altogether the complaint alleges a total of fifteen counts against the combined defendants. Two motions to dismiss were filed, one by Sheriff Hatter and the Sumter County Sheriff's Department (Doc. 7), and the other by Sumter County and the Sumter County Commission (Doc. 9).

After full briefing, the magistrate issued his R&R, which recommends granting both of the motions in their entirety. An objection to the R&R was timely filed by

Shields. (Doc. 18.) Both sets of defendants then filed responses to her objections. (Docs. 20 & 21.). Having carefully reviewed and considered *de novo* all the materials in the court file, including the R&R, the Plaintiff's objections, and the Defendants' responses, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED as to all but one of Shields' claims.

While the Court agrees for the most part with the magistrate judge's recommendations, there is one area with which it disagrees. The R&R would dismiss Shields' Title VII claims against the Sheriff for failure to timely file a charge with the EEOC. (Doc. 17 at 7.) Shields was terminated from her position on September 14, 2007, and therefore had 180 days from that date in which to file any EEOC charge relating to her discharge. In recommending dismissal of this claim, the magistrate judge states that "[w]hile the parties seem to agree that the plaintiff filed another charge on March 8, 2008, it is undisputed that no charge was filed against the Sheriff's Department until March 13, 2009." The Court is unsure of what exactly is meant by this statement, as it appears that this "undisputed" point is actually hotly contested between the parties.

In his original motion to dismiss, Sheriff Hatter agrees that any charge relating to a retaliation claim for Shields' firing had to have been brought "no later than March 13, 2008," but he contends that Shields "did not file any EEOC charge against the Sumter County Sheriff's Department until March 13, 2009."(Doc. 8 at 6.) In her response, Shields counters that "[o]n March 8, 2008, EEOC mailed Defendant a Notice of Charge of Discrimination." (Doc. 11 at 8.) While Shields may have been mistaken here as to the exact date of that document, it appears that there was such a notice, dated March 5, 2008, which Shields attached to her response. (Doc. 11-5.) In her objection to the R&R, Shields again takes issue with the magistrate judge's statement that it is "undisputed" that no charge was filed until March of 2009:

> Plaintiff's March 5, 2008 EEOC Charge was timely filed within the 180 day time period to encompass all of Plaintiff's Title VII claims. Plaintiff was terminated on September 14, 2007, the last date her claims could accrue, and her corrected EEOC Charge was filed on March 5, 2008, within the required 180 day time period.

(Doc. 18 at 5.) In response to Shields' opposition, Sheriff Hatter now argues that the "Notice of Charge of Discrimination" dated March 5, 2008, should be disregarded because it is not a "charge" for the purposes of 42 U.S.C. § 2000e-5(e)(1), as it does not "meet the requirements" of being "in writing, signed by the charging party, and properly verified."(Doc. 20 at 4) (citing *Wilkerson v. Grinner Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)). Hatter points out that a "charge must

contain, *inter alia*, 'a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'"(Doc. 25 at 4) (quoting 29 C.F.R. § 1601.12(a)(3)).[1]

Hatter is correct that the "Notice of Charge of Discrimination" dated March 5, 2008 (Doc. 11-5) is not itself a "charge"for the purposes of § 2000e-5(e)(1). Yet the fact that the EEOC prepared a "Notice of Charge of Discrimination" implies that Shields, in some form, provided information that was in turn used to prepare that notice. Whether her submission met the requirements of a "charge" as described in *Wilkerson* is beyond the Court's present ability to evaluate, since it does not appear in the record. The Court does note, however, another aspect of *Wilkerson* which Hatter fails to mention: that notice to the EEOC constitutes a charge where it is "of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." 270 F.3d at 1319. The Supreme Court has since spoken approvingly of this manifest-intent approach. *See Federal Express Corp. v. Holowecki*, 552 U.S. 389, 302 (2008) ("[If the *Wilkerson* test] means that the filing must be examined from the standpoint of an objective observer to determine whether, by a

[1]In his treatment of this regulation, Hatter notably substitutes the word "must" for "should," and seemingly overlooks the paragraph which follows it: "Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes, that would be in accord with our conclusion."). It appears that Shields did *something* to "activate the Act's machinery," something which resulted in the EEOC's preparation of the March 5, 2008 "Notice of Charge of Discrimination." At a minimum, she provided the EEOC with the information contained in that notice, which alleges sex discrimination, retaliation, and included the date of her discharge. (Doc. 11-5.)

Nevertheless, the fact remains that whatever Shields presented to the EEOC is not itself part of the current record, and certainly not contained within the pleadings. While it is true that the timely filing of an EEOC charge is a condition precedent to filing a Title VII action, *see Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1009 (11th Cir. 1982), a condition precedent is sufficiently pleaded when "it allege[s] generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9(c). Shields included such an allegation in her complaint, stating that she had "satisfied all administrative prerequisites to bring this claim." (Doc. 1 at 23.) It would therefore be inappropriate at the Rule 12(b)(6) stage to dismiss Shields' Title VII claims on the grounds that she has failed to produce a timely EEOC charge. If anything, by attaching the "Notice of Charge of Discrimination" she has gone beyond a plaintiff's requirements at this stage.

Since a charge itself does not presently form part of the record, it would be more appropriate to consider this issue at the summary judgment stage rather than under Rule 12(b)(6). While a court can convert a motion to dismiss to one for summary judgment, *see* FED. R. CIV. P. 12(d); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir.1984), doing so requires that the court give ten-days notice to the parties. *See Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1532 (11th Cir. 1990) ("This circuit has *consistently* enforced the strict notice requirements . . .[i]f a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may provide the non-moving party with adequate notice."). It does not appear that such notice has been given to the parties. As such, the Court declines to follow the R&R with respect to Shields' Title VII claims of retaliation against Sheriff Hatter (Count 7), and REMANDS the case to the magistrate judge for further proceedings consistent with this opinion.

Because the Court adopts the magistrate judge's recommendation with respect to the rest of Shields' claims (Counts 1-6; 8-15), they are DISMISSED with prejudice.

Done this 16th day of November, 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[167037]